***********
The Full Commission has reviewed the prior Opinion and Award based upon the record before Deputy Commissioner Ledford and the briefs and arguments before the Full Commission. The appealing party has shown good grounds to reconsider the evidence, and upon reconsideration the Full Commission REVERSES the Opinion and Award of the Deputy Commissioner and enters the following Order.
 *********** *Page 2 
The issue before the Full Commission is whether plaintiff's prior counsel, Kathleen Sumner (hereafter "Attorney Sumner"), is entitled to continue receiving an attorney's fee in this matter. For purposes of understanding the issue before the Commission, a brief procedural history of the case follows.
Plaintiff sustained two injuries by accident while employed by defendant-employer: on June 18, 2004, an injury to his left knee (I.C. File No. 466738); and on September 14, 2005, an injury to his left shoulder (I.C. File No. 678992). Although defendants paid medical and indemnity compensation to plaintiff in both claims such that these claims were both accepted as compensable, no Form 21 or Form 60 was filed by defendants in either case.
Plaintiff hired Attorney Sumner to represent him on November 15, 2006. Plaintiff and Attorney Sumner entered into the standard fee contract which provided for his attorney to be paid 25% of any money received by plaintiff in his workers' compensation claim.
When issues arose concerning payment of medical expenses, Attorney Sumner filed a Form 33 Request for Hearing. Thereafter, the parties entered into a Consent Agreement on April 23, 2007, which was subsequently approved by Deputy Commissioner Robert Harris. The Consent Order provided that defendants would authorize certain disputed medical treatment and provided that plaintiff would receive temporary total disability benefits, subject to a 25% attorney's fee approved for Attorney Sumner. Following the entry of this Consent Order, plaintiff has received ongoing total disability compensation. There is no indication that defendants have ever sought to suspend or terminate this ongoing total disability compensation.
On February 16, 2009, plaintiff sent a letter to the Executive Secretary expressing his dissatisfaction with Attorney Sumner's legal services and requesting that his agreement with Attorney Sumner be either "voided or modified" such that she would no longer receive a portion *Page 3 
of his ongoing compensation as an attorney's fee. In response on March 5, 2009, Attorney Sumner requested that her contract with plaintiff be honored and that the ongoing attorney's fee be continued. On the same date, she filed a motion to withdraw from further representation of plaintiff. Attorney Sumner's request to withdraw was granted by Order of the Executive Secretary filed April 17, 2009, with the request for attorney's fees shown as "pending."
On or about July 7, 2010, plaintiff filed a request for hearing to discontinue Ms. Sumner's ongoing attorney's fee, and this matter was set for hearing before the Deputy Commissioner.
Plaintiff has received benefits from the representation by Attorney Sumner in this case. During her representation of plaintiff Attorney Sumner filed appropriate Industrial Commission forms, secured medical treatment for plaintiff, communicated frequently with plaintiff, medical providers and defendant-carrier, and negotiated an initial settlement offer of $166,000.00 plus a fully funded Medicare Set Aside Agreement, which offer was declined by plaintiff.
 ***********
The Industrial Commission has the authority to review fees for attorneys in cases before the Commission. N.C. Gen. Stat. § 97-90; Hardy v. Brantley ConstructionCo. and Wells v. Brantley Construction Co.,87 N.C. App. 562, 361 S.E.2d 748 (1987). If a client discharges his attorney after completion of the work, the reasonable value of the attorney's services may include his entire fee under the contract.Robinson, Bradshaw Hinson v. Smith,129 N.C. App. 305, 498 S.E.2d 841 (1998).
Based upon the time expended and the results obtained, the fee agreement between Attorney Sumner and plaintiff is reasonable. N.C. Gen. Stat. § 97-90. No settlement has been reached in this claim and there has been no indication that plaintiff has retained new counsel.
 *********** *Page 4 ORDER
1. Plaintiff's motion to terminate his attorney's fee contract with Attorney Sumner is DENIED.
2. Defendants shall continue to pay every fourth compensation check due plaintiff to Attorney Sumner until further Order of the Commission or until a settlement is reached by the parties and an attorney's fee is agreed upon by the parties.
Plaintiff shall pay the costs of this action.
This 3rd day of March, 2011.
 S/______________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/______________________________ LINDA CHEATHAM COMMISSIONER
 S/______________________________ DANNY LEE McDONALD COMMISSIONER *Page 1